UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO (DENVER)

Docket No. 1:23-cv-00340-KLM

FRANCESCO BITTICHESU

    Plaintiff,

- vs -

PREMIER RENEWABLES LLC

    Defendant.

---

### MEMORANDUM OF LAW

---

Plaintiff Francesco Bittichesu ("Plaintiff") respectfully submits the following memorandum of law in support of his motion for default judgment against defendant Premier Renewables LLC ("Defendant").

**STATEMENT OF RELEVANT FACTS**

Plaintiff is the author and copyright claimant of the registered photograph of solar panel installation that is the subject of this litigation (the "Photograph"). [Complaint, ¶ 18] Plaintiff is in possession of a copyright registration certificate, bearing no. VA 2-186-845, with effective date of January 14, 2020 (the "845 Registration"). *Id.* at ¶ 5. In May 2020, after the effective date of the 845 Registration, Defendant displayed the Photograph at URL: https://premier-renewables.com/ (the "Website") without Plaintiff's authorization. *Id.* at ¶ 22. Although there is no licensing fee history for the Photograph,

Plaintiff reasonably estimates that he would have been entitled to charge up to $1000.00 for use of the Photograph in the manner used by Defendant. Sanders Declr. at ¶ 12.

On February 23, 2023, a copy of the summons and complaint was served on Defendant by personally serving its Registered Agent at 14 Inverness Dr., East #E112 [Certificate of Service, Dkt. No. 11]. The deadline to file an answer or responsive pleading was March 16, 2023. On May 8, 2023, upon Plaintiff's request, the Clerk of Court issued a Certificate of Default. [Dkt. No. 13]

**LEGAL STANDARD**

"Default judgment may be entered against a party who fails to appear or otherwise defend." *Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1137 (D. Colo. 2020) (citing Fed. R. Civ. P. 55). "To obtain a judgment by default, the moving party must follow the two-step process described in Rule 55: 'first, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b).'" Id. (citing *Richfield Hospitality, Inc. v. Shubh Hotels Detroit, LLC*, No. 10-cv-00526-PAB-MJW, 2011 WL 3799031, at *2 (D. Colo. Aug. 26, 2011)).

At step two, the decision to enter default judgment is "committed to the district court's sound discretion." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997)). "A defendant who fails to answer, plead, or otherwise defend an action is deemed to have admitted the factual allegations of the complaint as true."

2

*Malluk*, 611 F. Supp. 3d at 1137 (citing *Brill Gloria v. Sunlawn, Inc.*, No. 08-cv-00211-MSK-MEH, 2009 WL 416467, at *2 (D. Colo. Feb. 18, 2009)). The Court also accepts as true the undisputed facts alleged in affidavits and exhibits. *Id.*; *see also Deery American Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007).

Default judgment cannot be entered against defaulting defendants until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). Rule 55(b) provides that "the court may conduct such hearings or order such references as it deems necessary" in order to "determine the amount of damages." A court may enter a default judgment without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983). In any event, a live evidentiary hearing is not always required. Rather, the hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it. *Malluk*, 611 F. Supp. 3d at 1137

**1.     Copyright Infringement**

Plaintiff alleges that Defendant violated federal copyright laws under 17 U.S.C. Sections 106 and 501. "Anyone who violates any of the exclusive rights of the copyright owner ... is an infringer of the copyright." 17 U.S.C. § 501(a).

Here, accepting Plaintiff's allegations as true in light of Defendant's default, he has set forth an adequate claim for copyright infringement. Plaintiff is the owner of the copyright of the Photograph, and as such, he has exclusive rights to reproduce, publicly display, or distribute the Photograph and authorize others to do the same. 17 U.S.C. §

106. When Defendant used the Photograph on the Website without Plaintiff's permission, Defendant's conduct constituted copyright infringement under 17 U.S.C. § 501(a). Accordingly, Plaintiff has established a claim for copyright infringement.

### 2.     Statutory Damages

Section 504(c)(1) of the Copyright Act permits an award of statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just." In determining the amount of statutory damages, the district court has broad discretion "to assess what is just in a particular case, 'considering the nature of the copyright, the circumstances of the infringement and the like,' " so long as the amount is neither more than the maximum nor less than the minimum. *Broadcast Music, Inc. v. Carey-On Saloon, LLC*, No. 12-cv-02109-RM-MJW, 2014 WL 503447, at *6 (D. Colo. Feb. 7, 2014) (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32, 73 S.Ct. 222, 97 L.Ed. 276 (1952).) Section 504(c)(1) "not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct." *F.W. Woolworth Co.*, 344 U.S. at 233, 73 S.Ct. 222. Put more bluntly, "courts must put defendants on notice that it costs less to obey the Copyright Act than to violate it." *Girlsongs v. 609 Indus., Inc.*, 625 F. Supp. 2d 1127, 1131 (D. Colo. 2008).

Courts may award three to five times a reasonable licensing fee as a measure of statutory damages. *See Broad. Music, Inc. v. Carey-On Saloon, LLC,* No. 12-CV-02109-RM-MJW, 2014 WL 503447, at *6 (D. Colo. Feb. 7, 2014) (citing William F. Patry, *Patry on Copyright* § 22:174 (2013) (collecting cases; "courts have approved a multiple of three to five times the license fee [infringer] would have paid absent litigation"); *see also*

4

*Broadcast Music, Inc. v. McDade & Sons, Inc.,* 928 F.Supp.2d at 1134 (awarding roughly four times the licensing fees that would have been due).

Here, Plaintiff respectfully requests that the Court award statutory damages pursuant to Section 504(c)(1) in the amount of $5,000, which reflects five times the reasonable licensing fee of $1,000. A five times multiple is justified here on grounds that Defendant has defaulted and its failure to appear should be deemed willful. *See Chloe v. Zarafshan*, No. 06-CV-3140 (RJH) (MHD), 2009 WL 2956827, at *7 (S.D.N.Y. Sept. 15, 2009) ("Willfulness may be established by a party's default because an innocent party would presumably have made an effort to defend itself.").

3. **Attorneys' Fees and Costs**

Pursuant to 17 U.S.C. Section 505, the Court has discretion to allow the recovery of "full costs" and award reasonable attorney's fees to an aggrieved party who prevails. *Malluk*, 611 F. Supp. 3d at 1138. In the instant Motion, Plaintiff requests $840.00 in reasonable attorney's fees and $400.00 in costs. This request is supported by an affidavit from Plaintiff's counsel, with documentation that sets forth the total hours worked, rates charges, and the work performed.

**CONCLUSION**

Based on the foregoing, Plaintiff respectfully submits that the Court award Plaintiff $5,000.00 in statutory damages upon a finding of Defendant's default, plus $840.00 in reasonable attorneys' fees and $400.00 in costs.

Dated: June 7, 2023
Uniondale, New York

5

Respectfully Submitted:

s/**Craig Benjamin Sanders/**
By: Craig Benjamin Sanders
SANDERS LAW GROUP
333 Earle Ovington Blvd., Ste. 402
Uniondale, NY 115553
(516) 203-7600
csanders@sanderslaw.group

*Counsel for Plaintiff*

6