IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-00340-CNS-KLM

FRANCESCO BITTICHESU,

    Plaintiff,

v.

PREMIER RENEWABLES LLC,

    Defendant.

---

# ORDER

Before the Court is Plaintiff's Motion for Default Judgment (ECF No. 15). For the reasons set forth below, Plaintiff's Motion is GRANTED.

## I. BACKGROUND[1]

On February 6, 2023, Plaintiff sued Defendant Premier Renewables, LLC, under 17 U.S.C. § 501, seeking to recover damages for copyright infringement (ECF No. 1 at 1). On January 1, 2009, Plaintiff authored a photograph of two adult males installing solar panels (*id.* at 3). The photograph was registered by the United States Copyright Office ("USCO") on January 14, 2020 (*id.* at 3). In May 2020, Defendant displayed an exact copy of Plaintiff's original image on its website without Plaintiff's authorization (*id.* at 3–4). Plaintiff first observed the photograph on the website on July 26, 2020 (*id.*). The photograph was copied, stored, and displayed without license

---

[1] The background facts in this Order are drawn from Plaintiff's Complaint (ECF No. 1). Due to the Clerk of Court's entry of default against Defendant, the Complaint's allegations are deemed admitted (ECF No. 13). *See also Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

1

or Plaintiff's permission (*id.*). Defendant is the operator of the website and is responsible for its content (*id.* at 2). The website promotes Defendant's solar panel services (*id.* at 3). Defendant realized an increase in its solar panel services revenue due to infringing on Plaintiff's copyright of the photograph (*id.* at 4).

On February 23, 2023, a copy of the summons and complaint were served on Defendant by personally serving its registered agent (ECF No. 11). Defendant did not file an answer or responsive pleading by the deadline to respond of March 16, 2023 (ECF No. 15-1 at 2). On April 26, 2023, Plaintiff filed a Motion for Entry of Default (ECF No. 12). On May 8, 2023, the Clerk of Court entered default against Defendant (ECF No. 13). Plaintiff filed the instant Motion for Default Judgment on June 7, 2023 (ECF No. 15).

## II. LEGAL STANDARD

A court may enter default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2). The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). "Strong policies favor resolution of disputes on their merits" and default judgment should be "available only when the adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (citations omitted).

When facing a motion for default judgment, a court must first evaluate and establish its jurisdiction. *See, e.g.*, *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010). To enter default judgment, a court must have both subject-matter jurisdiction over the action and personal jurisdiction over each defaulting defendant. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). The second step of the inquiry is to evaluate whether the plaintiff's pleadings

2

support a judgment on the claims alleged. *Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016). The complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citation omitted). When deciding on a motion for default judgment, courts accept all well-pleaded factual allegations in the complaint as true. *Olcott*, 372 F.3d at 1125. Undisputed facts alleged in the affidavits or exhibits are also deemed true. *Id.* at 1124.

Allegations regarding the amount of damages, however, are deemed true only to the extent they are "capable of mathematical calculation." *Marcus Food Co. v. Dipanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011); *see Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation."). Where the amount claimed is not "a liquidated sum or one capable of mathematical calculation," a court is required to hold an evidentiary hearing to determine the amount of damages. *Venable v. Haislip*, 621 F.2d 297, 300 (10th Cir. 1983); *see Marcus Food*, 671 F3d at 1171–72 (determining that the damages asserted in the complaint were sufficiently calculable to not require an evidentiary hearing).

### III. ANALYSIS

Having considered Plaintiff's Motion for Default Judgment, the case file, and relevant legal authority, the Court grants Plaintiff's Motion for Default Judgment.

**A. Jurisdiction**

To enter default judgment, a court must have both subject matter jurisdiction over the action and personal jurisdiction over each defaulting defendant. *See Williams*, 802 F.2d at 1203. The Court considers these jurisdictional prerequisites below, concluding that both are satisfied.

*1. Subject Matter Jurisdiction*

Plaintiff asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) (ECF 15-2 at 1; *see also* ECF No. 15-1 at 3). The Court agrees. A court has subject matter jurisdiction over an action when there is either a federal question at issue or diversity between the parties. *See* 28 U.S.C §§ 1331 and 1332. 28 U.S.C. § 1331, provides, in pertinent part, that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, Plaintiff brings a claim under the Copyright Act, 17 U.S.C § 101 *et. seq* (ECF No. 1 at 5). Under 28 U.S.C. § 1338(a), "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights, and trademarks." Accordingly, Plaintiff's claim arises under federal law, and thus subject matter jurisdiction exists under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). *See also Dallas Buyers Club, LLC v. Cordova*, 81 F. Supp. 3d 1025, 1032 (D. Colo. 2015) (finding federal courts have original jurisdiction over copyright cases pursuant to 28 U.S.C. § 1338).

*2. Personal Jurisdiction*

Plaintiff asserts that the Court has personal jurisdiction over Defendant Premier Renewables LLC (ECF No. 15-2 at 1). A plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).

However, "the plaintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997). To analyze personal jurisdiction in federal court, a court must determine (1) the adequacy of the service, including "whether any applicable statute authorizes the service of process on [the] Defendant" and (2) "whether the exercise of jurisdiction comports with due process." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008); *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). For the reasons set forth below, the Court determines that Plaintiff has met these jurisdictional requirements.

    a. *Service of Process*

"The Court must first address the adequacy of service in deciding whether it has personal jurisdiction over Defendant." *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1241 (D. Colo. 2015). Defendant is a Colorado limited liability company with a principal place of business in Colorado (ECF No. 15-3 at 2). Service on a partnership or unincorporated association may be accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). Here, Plaintiff served Defendant in Colorado on February 23, 2023, by leaving a copy of the summons and complaint with Defendant's registered agent, Luis Angel Gonzalez (ECF No. 11). The Court, therefore, finds the Defendant was properly served in accordance with Federal Rule of Civil Procedure 4(h).

b. *Due Process*

Second, the Court must determine whether exercising personal jurisdiction over Defendant comports with due process. The federal Copyright Act does not provide for nationwide service of process to establish personal jurisdiction. *Dudnikov*, 514 F.3d at 1070. Therefore, Federal Rule of Civil Procedure 4(k)(1)(A) commands the district court to apply the law regarding personal jurisdiction of the state in which the district court sits. *Id.* Colorado's long-arm statute "confers the maximum jurisdiction permissible consistent with the Due Process Clause." *Id.* (citation omitted). Therefore, the personal jurisdiction analysis here is a single inquiry into whether the Court's exercise of jurisdiction comports with constitutional due process. *Id.*

The Court has personal jurisdiction over defendants that reside within the District of Colorado. *See Dallas Buyers Club, LLC*, 81 F. Supp. 3d at 1032; *see also United States v. Stock Asylum LLC*, No. 14-cv-01979-WJM-NYW, 2015 WL 638200, at *2 (D. Colo. Feb. 13, 2015) ("The Court further finds that it has personal jurisdiction over Defendants, as Stock Asylum is a Colorado limited liability corporation with its principal place of business in Boulder, Colorado and Defendant Rovtar resides in Boulder, Colorado."). Here, accepting the Complaint's allegations as true, as the Court must, Plaintiff has established that the Court has personal jurisdiction over Defendant (ECF No. 1 at 2). *Olcott*, 372 F.3d at 1125. Defendant is a Colorado Limited Liability Company that maintained its principal place of business in Arapahoe County, Colorado (*id.*). Therefore, Defendant resides within the District of Colorado and the Court has personal jurisdiction over it. *See Dallas Buyers Club, LLC*, 81 F. Supp. 3d at 1032; *see also Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.,* 141 S. Ct. 1017, 1024 (2021) (recognizing "two kinds of

personal jurisdiction," general and specific, and noting that a court may exercise general jurisdiction over a corporation in its "principal place of business" (citations omitted)).

### B. Default Judgment

Having established jurisdiction over the matter and Defendant, the Court must next decide "whether the unchallenged facts constitute a legitimate cause of action," such that judgment should be entered. *Bixler*, 596 F.3d at 762 (quotation omitted). If judgment by default enters, the Court must also ascertain the amount of damages to which Plaintiff is entitled. *See Eighth District Electrical Pension Fund v. Teter Industries, Inc.*, No. 1:22-cv-02521-CNS, 2023 WL 3819339, at *5 (D Colo. June 5, 2023).

*1. Liability*

Plaintiff contends that he has established that Defendant is liable for copyright infringement (ECF No. 15-1 at 3). The Court agrees. Pursuant to § 106 of the Copyright Act, "in the case of . . . pictorial . . . works," the owner of the copyright "has the exclusive rights to do and to authorize" the "display [of] the copyrighted work publicly." 17 U.S.C. § 106(5). Pursuant to § 501 of the Copyright Act, "[a]nyone who violates any of the exclusive rights of the copyright owner . . . is an infringer" of the copyright. § 501(a); *See also Innovative Sports Mgmt., Inc. v. Castillo*, No. 19-cv-01596-REB-NYW, 2020 WL 12584442, at *6 (D. Colo. Apr. 30, 2020), *report & recommendation adopted*, No. 19-cv-01596-REB-NYW, 2020 WL 12584445 (D. Colo. July 27, 2020).

The ownership of a valid copyright may be established by a plaintiff's presentation of a certificate of registration from the USCO. *See Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005) (citing 17 U.S.C. § 410(c)). Here, Plaintiff has a certificate of

7

registration from the USCO for the photograph at issue, and thus the Court concludes that he has ownership of a valid copyright (ECF No. 15-5). Plaintiff alleges Defendant posted his original work onto its website without his permission and that Defendant exercised control over its website (ECF No. 1 at 4; ECF No. 1-2). Therefore, taking the facts alleged as true, Defendant copied Plaintiff's work (ECF No. 1 at 4). *Olcott*, 372 F.3d at 1125. Defendant copied a photograph over which Plaintiff had ownership of a valid copyright, and for this reason Defendant is liable for copyright infringement. *Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1138–1139 (D. Colo. 2020) (finding infringement liability where a defendant displayed the plaintiff's copyrighted photograph on its website without permission); *Palladium*, 398 F.3d at 1196 (stating that a plaintiff establishes copyright infringement where a defendant engages in unauthorized copying of the original work).

2. *Statutory Damages*[2]

17 U.S.C. § 504 permits a copyright owner to seek actual damages or statutory damages from the infringer. In this case, Plaintiff seeks to recover statutory damages pursuant to § 504(c) (ECF No. 15 at 1). § 504(c)(1) permits an award of statutory damages "in a sum not less than $750 or more than $30,000 as the court considers just." § 504(c). The Court has broad discretion "to assess what is just in a particular case, considering the nature of the copyright, the circumstances of the infringement and the like," so long as the award is neither more than the maximum nor less than the minimum. *Broad. Music, Inc. v. Carey-On-Saloon, LLC*, No. 12-cv-02109-RM-MJW,

---

[2] Default judgment cannot be entered against defaulting defendants until the amount of damages has been ascertained. *Malluk*, 611 F. Supp. 3d at 1137 (D. Colo. 2020). An evidentiary hearing is not necessary if the amount claimed is one capable of mathematical calculation. *See Hunt*, 770 F.2d at 148; *see also Tax Servs. of Am., Inc, v. Mitchell*, No. 07-cv-00249RE, 2009 WL 464679, at *3 (D. Colo. Jan. 13, 2009). Here, statutory damages for copyright infringement is capable of mathematical calculation; therefore, an evidentiary hearing is not necessary. *Hunt*, 770 F.2d at 148.

2014 WL 503447, at *6 (D. Colo. Feb. 7, 2014) (citing *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32 (1952)). The statutory damages provision "not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct." *F. W. Woolworth Co.*, 344 U.S. at 233. Courts have awarded statutory damages that are between two to three times the license fees that the copyright holder would have charged for use of the copyright. *See Broad. Music, Inc.*, 2014 WL 503447, at *6.

Plaintiff requests the Court award $5,000 in statutory damages under 17 U.S.C. § 504(c)(1) for Defendant's copyright infringement (ECF No. 15-1 at 5). Plaintiff has no licensing fee history on the photograph at issue but alleges a reasonable licensing fee for the photograph is $1,000 (*id*). Plaintiff argues that an award five times the reasonable licensing fee is justified here, on the grounds that Defendant has defaulted and its failure to appear should indicate a willful violation of the copyright (*id.*).

The Court is not persuaded by Plaintiff's argument that Defendant's actions were willful and that an award five times that of a $,1000 licensing fee is appropriate. To support his request of five times the reasonable licensing fee, or $5,000, Plaintiff cites a case that concluded "willfulness may be established by a party's default because an innocent party would presumably have made an effort to defend itself." *See Chloe v. Zarafshan*, No. 1:06-cv-3140-RJH-MHD, 2009 WL 2956827, at *7 (S.D.N.Y. Sept. 15, 2009) (citations omitted). However, courts in this District have held it is not enough to *assume* willfulness through default, and the plaintiff must explain why the amount they are requesting is proper for deterrence. *See Malluk*, 611 F. Supp. 3d at 1140 (declining to award the statutory maximum of $30,000 upon default on the ground that the plaintiff "fail[ed] to explain the basis for his argument that $30,000 would deter willful infringers" in the

case). Here, Plaintiff fails to explain the basis for his argument that an award of $5,000 would deter the Defendant, the allegedly willful infringer, in this case. Further, Plaintiff's Complaint and Motion for Default Judgement are devoid of any factual allegations or meaningful argumentation explaining how Defendant's infringement was willful, other than the fact that Defendant defaulted. *Cf. Broad. Music, Inc*, 2014 WL 503447, *at 6 (finding willful infringement where the defendants knew a license was required but rejected plaintiff's repeated requests and offers to obtain a license). Therefore, the Court is not persuaded by *Chloe* and declines to award Plaintiff's request for five times the licensing fee as a deterrence measurement. 2009 WL 2956827, at *7. The Court instead considers it just in this particular case to award Plaintiff $2,000 in statutory damages. *See Broad. Music, Inc.*, 2014 WL 503447, at *6.

    3. Attorney's Fees and Costs

Plaintiff requests attorneys' fees and costs under 17 U.S.C. § 505 and Federal Rule of Civil Procedure 54(d) (ECF No. 15 at 1). 17 U.S.C. § 505 grants the Court the discretion to allow a prevailing party to recovery full costs and reasonable attorney's fees. The Court has found that Defendant violated Plaintiff's rights under the Copyright Act and Plaintiff has been awarded statutory damages. Therefore, Plaintiff is a prevailing party and can recovery attorney's fees and costs.

To determine a reasonable fee award, a court conducts a lodestar calculation as set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See also Shumaker v. Burgess Servs., LLC*, No. 21-cv-2291-WJM-MEH, 2022 WL 4104272, at *3–4 (D. Colo. Sept. 8, 2022) (awarding attorney's fees pursuant to 17 U.S.C. § 505 using the lodestar method). A lodestar calculation requires multiplying the number of attorney hours expended to resolve an issue or perform a task by a

reasonable hourly billing rate. *Mile High Rodbusters*, 82 F. Supp. 3d at 1245 (citing *Hensley*, 461 U.S. at 433). To determine the number of hours expended, a court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Id.* (citing *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998)). Once the court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Id.* (citing *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir.1997)).

"Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Mile High Rodbusters*, 82 F. Supp. 3d at 1245–46 (quoting *Case*, 157 F.3d at 1250). In determining what is a reasonable time in which to perform a given task, an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) the potential duplication of services caused by the presence of multiple attorneys when one would suffice. *Id.* at 1246 (citations omitted). Counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 434. And ultimately, counsel seeking an award of attorney's fees must demonstrate that it exercised proper billing judgment, and that the amount it seeks is reasonable. *See Mile High Rodbusters*, 82 F. Supp. 3d at 1246 (citation omitted).

Plaintiff requests an award of $840 in attorney's fees and $400 in costs (ECF No. 15-1 at 5). This request is supported by documentation that states Plaintiff's attorney has more than thirty years of experience in the copyright field and that his hourly rate is $525 an hour, which is consistent with rates charged by experienced copyright attorneys in this District (ECF No. 15-2 at 3). Plaintiff's attorney spent 0.6 hours on researching and drafting the complaint and 1 hour

drafting the application for default judgment including the attendant attorney declaration (*id.*). The Court finds counsel's hourly rate to be reasonable in this market, and that the time spent on this matter was reasonably necessary to obtain the result. *See Hensley*, 461 U.S. at 437–40.

Furthermore, Plaintiff's attorney states that his costs in this action total $400 for the court filing fee (ECF No. 15-2 at 3). The Court finds that the costs in this matter were reasonable, and awards $400 accordingly. In total, the Court will enter judgment against Defendant for $1,240 in attorney's fees and costs.

### 3. CONCLUSION

Consistent with the above analysis, Plaintiff's Motion for Default Judgment (ECF No. 15) is GRANTED. The Court ORDERS that:

1. Default judgment enter against Defendant in the amount of $2,240 consisting of:

    a. Statutory damages pursuant to 17 U.S.C. § 504 (c)(1) in the amount of $1,000;

    b. Reasonable attorney's fees and costs in the amount of $1,240.

2. The Clerk of the Court is directed to enter final judgment in favor of Plaintiff and against Defendant in the amount of $2,240.

3. Plaintiff is awarded post-judgment interest on the foregoing sums from the date judgment is entered at the rate set by 28 U.S.C. § 1961.

DATED this 28th day of July 2023.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge